IN THE UNITED STATES DISCTRICT COURT

FOR THE DISTRICT OF IDAHO

| ROBERT E. PETERSON, | |
|---|---|
| Plaintiff, | Case No. 2:23-cv-00544-BLW |
| v. | **ORDER** |
| DARRELL MICHAEL GUNDERSON, HOLLY LINDSEY, BENJAMIN ALLEN, KEISHA OXENDINE, SCOTT WAYMAN, LAWRENCE WASDEN, KENNETH K. JORGENSEN, IDAHO COURT OF APPEALS, IDAHO SUPREME COURT, TARA JONES, MICHAEL NORTHCUTT, DIRECTOR OF ATF, and UNKNOWN AGENTS OF ATF AND FBI, | |
| Defendants. | |

Plaintiff Robert E. Peterson, proceeding pro se, has filed an application to proceed in forma pauperis (IFP) (Dkt. 1) and a complaint (Dkt. 2).

Under 28 U.S.C. § 1915(a), a plaintiff may sue without paying filing fees if he submits an affidavit stating that he lacks sufficient funds and if the suit is not frivolous or malicious. *See Franklin v. Murphy,* 745 F.2d 1221, 1226 (9th Cir.

1984). An affidavit in support of an IFP application is sufficient if it alleges the affiant cannot pay the court costs and still afford the necessities of life. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). The IFP statute does not define what constitutes insufficient funds, but the Ninth Circuit has recognized, that "[o]ne need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Id.*, citing *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). Still, though, a plaintiff seeking IFP status must allege poverty "'with some particularity, definiteness and certainty.'" *Id.* (citation omitted). A district court may deny a request to proceed IFP if the applicant fails "to verify his poverty adequately." *Marin v. Hahn*, 217 F. App'x 578, *1 (9th Cir. 2008).

In his application, Mr. Peterson explains that he is currently unemployed, his only income is social security retirement, and he will not resume his seasonal employment until this Spring. *Appl.*, Dkt. 1, at 5. He reports his total monthly expenses to be $2204.58, and shows that he has only slightly more than that amount in a checking account. *Id.* at 3–4. He reports earning a monthly income of $3,164.84 in the twelve months preceding the filing of the complaint. *Id.* at 2. This sum reflected his earnings from his seasonal employment, social security retirement payments, and unemployment payments. *Id.* However, the "Amount expected next month" column remains blank except for $100.00 in "Employment." *Id.* The financial affidavit within the application does not indicate what his

expected retirement payments or unemployment payments will be. *Id.* Notably, the affidavit indicates Mr. Peterson is a homeowner and that this real estate asset is worth $145,000. *Id.* at 3.

The Court finds that Mr. Peterson's application does not conclusively establish that he is unable to pay the filing fee in this action. His financial affidavit indicates he could potentially access the equity in the $145,000 home for the payment of filing fees. *See Romesburg v. Trickey*, 908 F.2d 258, 259 (8th Cir. 1990) (affirming dismissal of prisoner's case for misrepresenting his claim of poverty where it was later discovered, in contrast to his affidavit, that he owned real estate, even though he contended that it was worth only $5,000 and his elderly wife resided thereon). Mr. Peterson will be required to pay the filing fee to the Clerk of the Court within 45 days of this Order, or his case will be dismissed without prejudice.

## ORDER

**IT IS ORDERED that:**

(1) Peterson's *In Forma Pauperis* Application (Dkt. 1) is **DENIED**.

(2) Within 45 days after entry of this Order, Peterson shall pay the filing fee for this action. If he fails to do so, the complaint will be dismissed without prejudice.



DATED: March 28, 2024

_____
B. Lynn Winmill
U.S. District Court Judge