UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT E. PETERSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DARRELL MICHAEL GUNDERSON, HOLLY LINDSEY, BENJAMIN ALLEN, KEISHA OXENDINE, SCOTT WAYMAN, LAWRENCE WADSEN, KENNETH K. JORGENSEN, IDAHO COURT OF APPEALS, IDAHO SUPREME COURT, TARA JONES, MICHAEL NORTHCUT, Director of ATF, UNKNOWN AGENTS OF ATF AND FBI<br><br>　　　　Defendants. | Case No. 2:23-cv-00544-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Robert Peterson's Motion for an Extension of Time Pursuant to FRCP 4(m) (Dkt. 6). Mr. Peterson filed his Complaint in December 2023 along with an application to proceed in forma pauperis. *See* Dkts. 1&2. The Court denied Mr. Peterson's application to proceed in forma pauperis and instructed him to pay the required filing fee. Dkt. 4. Mr. Peterson paid the filing fee in April 2024. When 90 days elapsed after the payment of the filing fee and Mr.

**MEMORANDUM DECISION AND ORDER - 1**

Peterson had not served the defendants consistent with Federal rule of Civil Procedure 4, the Clerk of the Court provided notice to Mr. Peterson that his failure to serve the defendants would result in involuntary dismissal. Dkt. 5. Following his receipt of this letter, Mr. Peterson filed the present motion requesting an extension of time to serve defendants.

Federal Rule of Civil Procedure 4(m) provides that when a plaintiff has failed to serve a defendant within 90 days after a complaint is filed, the Court may dismiss the complaint without prejudice or extend the time for service. If the "plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Accordingly, a Court may extend the time to serve defendants either upon a showing of good cause or pursuant to the Court's discretion. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) ("Courts have discretion under Rule 4(m), absent a showing of good cause, to extend the time for service.").

Here, Mr. Peterson explains that he was unaware he needed to serve the defendants after his application to proceed in forma pauperis was denied and he paid the filing fee. He claims he has now prepared and served the summons.[1] Mr.

---

[1] Mr. Peterson indicates copies of the summons are attached to the motion, however, those documents do not appear to have been filed with his motion.

**MEMORANDUM DECISION AND ORDER - 2**

Peterson likely has not met the threshold to show good cause as the exception applies "only in limited circumstances and, inadvertent error or ignorance of governing rules alone will not excuse a litigant's failure to effect timely service." *Hamilton v. Endell*¸ 981 F.2d 1062, 1065 (9th Cir. 1992). Nonetheless, the Court will exercise its discretion to extend the time to serve the defendants. Given Mr. Peterson's pro se status, his confusion regarding when to effectuate service after his application to proceed in forma pauperis was denied, and the lack of clear notice that such service was required, the Court finds an extension of time is appropriate. Mr. Peterson, however, is advised that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Mr. Peterson's motion is granted and he must serve the defendants consistent with the requirements of Federal Rule of Civil Procedure 4 within 60 days of the issuance of this order.

## ORDER

IT IS ORDERED that:

1. Plaintiff's Motion for an Extension of Time (Dkt. 6) is **GRANTED**.

2. Plaintiff must serve defendants within 60 days of the issuance of this order. Failure to serve defendants and comply with Federal Rule of Civil Procedure 4 may result in the dismissal of the Complaint.

MEMORANDUM DECISION AND ORDER - 3

DATED: December 2, 2024

_____
B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 4**