ROBERT E. PETERSON
404 Washington St.
P. O. Box 101
Smelterville, Idaho 83868
(509) 714-9759
Repete4one@yahoo.com

Petitioner in Pro Per

U.S. COURTS

JUN 02 2025

Rcvd____ Filed____ Time 1:04pm
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO, NORTHERN DIVISION

| | |
|---|---|
| ROBERT E. PETERSON,<br><br>          Plaintiff,<br><br>vs.<br><br>DARRELL MICHAEL GUNDERSON,<br><br>HOLLY LINDSEY, BENJAMIN ALLEN,<br><br>KEISHA OXENDINE, SCOTT WAYMAN,<br><br>LAWRENCE WADSEN, KENNETH K.<br><br>JORGENSEN, IDAHO COURT OF APPEALS,<br><br>IDAHO SUPREME COURT, TARA JONES,<br><br>MICHAEL NORTHCUTT, DIRECTOR OF<br><br>ATF, UNKNOWN AGENTS OF ATF AND<br><br>FBI.<br><br>          Defendants. | CASE NO. 2:23-CV-544-BLW<br><br>COMPLAINT FOR VIOLATIONS OF<br>CIVIL RIGHTS, § 1983<br><br>MOTION FOR RECONSIDERATION OF<br>DISMISSAL FOR NON-SERVICE FRCP 4(m) |

MOTION FOR RECONSIDERATION          1

COMES NOW Robert Peterson, Plaintiff in the above-entitled case, and motions this Court for reconsideration of this Court's Dismissal without Prejudice of the above-entitled case for the following reasons:

This court issued an Order dismissing this instant case on April 10, 2025 for the stated reason of expiration of time within which to serve the case filings with Subpoena citing Federal Rule of Civil Procedure 4(m), such time having been extended by order of this court issued on December 2, 2024. FRCP 4 does indicate that the filings with Subpoena will be filed within 90 days of issuance of Subpoena after which the court, on motion or upon its own discretion may be Dismissed without Prejudice. This dismissal was entered by this court on April 10, 2025 after this court's granting of an extension of time. As asserted above FRCP 4 does indicate a 90-day time limit after which the case may be dismissed without prejudice; however, FRCP 4 nowhere indicates that a "stale" (after the 90 days has expired) service of the case filings complaint with Subpoena constitutes an ineffectual, inadequate or defective Service of Process nor does FRCP 4 indicate that such stale service may be ignored by the parties.

On the same date as the Petition for Extension of Time was filed, and included with the Petition for Extension of Time, signed Proofs of Service was also submitted to this court indicating that all required documents had been filed by submission to the USPS postage paid, or in the case of the Federal Defendants being hand delivered to the Office of the United States Attorney in Coeur D'Alene Idaho. This was effected on October 17, 2024. Copies and proofs of such mailings enclosed with this Motion . Such Proof of Service was appended to the Petition for Extension of Time when filed with this court. Since the Petition was granted by this court without express modification it was anticipated and presumed that the extension of time would include AT LEAST the time up to the date of filing of Petition as requested in the Petition.

Because Plaintiff had expectation that the court would file the provided and correctly filed Proof of Service for all parties and because there was no required further proof of service as allowed by FRCP 4 Plaintiff believed that all tasks were performed in accordance with FRCP 4. In fact Plaintiff was preparing to submit Motions to this court to demand a Response be filed by the Defendants or, in the alternative, that this court issue a Summary Judgement against the Defendants on the Pleadings.

If there exists some annotation to FRCP 4 which allows the disregarding of a "stale" service of complaint and subpoena on the defendants Plaintiff is unaware of such exemption because Plaintiff is not provided access to such annotations by the court's digital legal resources. Plaintiff is not provided access to the

MOTION FOR RECONSIDERATION                 2

FRCP Practice manuals or annotations in the same manner as the defendants because of the limits of the provided law resources.

Plaintiff followed the provisions of FRCP 4 as the plain meaning of the text of FRCP allows therefore this action should not be dismissed in any way. Therefore, it is requested by Plaintiff that this instant dismissal without prejudice be reversed and the defendants, and all of them, be ordered by this court to file an adequate response within thirty (30) days of the reinstatement of this action.

Copies of the relevant USPS documents of Proof of Service and previously submitted Proof of Service are attached to and included by reference into this Motion.

An additional point must be raised to the court concerning this entire case,

In the Order dated December 2, 2024 it is noted in the body of the Order that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." Citing *King v Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). As will be noted this case is from 1987, long before the digital revolution and at a time when virtually every County Seat maintained a complete collection of actual law books containing texts of the law as well as complete collections of the legal annotations applicable to the law, which of course is absolutely necessary to a full understanding of the law, regulations and rules.

It seems that Plaintiff is being held to an impossible standard by the government failing to abide it's lawful requirement to provide, without cost, an entire and useable Law Library such that Plaintiff has the SAME resources as defendants

Constitutionally it is not Plaintiff's responsibility to seek out and procure a third party provided legal resource.

WHEREAS Plaintiff respectfully requests:

that this court reverse its Order of Dismissal without Prejudice of the above-entitled action;

that defendants be ordered by this court to file responses to the Complaint within thirty (30) days of reinstatement of this action;

and that this court take whatever measures needed to ensure that Plaintiff has all legal resources needed to complete this action;

other and further action as the Court determines in the best interests of justice.

MOTION FOR RECONSIDERATION                    3

Respectfully submitted:

Dated: June 2nd, 2025

_____
Robert E. Peterson

MOTION FOR RECONSIDERATION            4