UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT E. PETERSON,<br><br>    Plaintiff,<br><br>v.<br><br>DARRELL MICHAEL GUNDERSON; HOLLY LINDSEY; BENJAMIN ALLEN; KEISHA OXENDINE; SCOTT WAYMAN; LAWRENCE WASDEN; KENNETH K. JORGENSEN; IDAHO COURT OF APPEALS; IDAHO SUPREME COURT; TARA JONES; MICHAEL NORTHCUTT, Director of ATF; and UNKNOWN AGENTS OF ATF AND FBI,<br><br>    Defendants. | Case No. 2:23-cv-00544-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Robert Peterson's Motion for Reconsideration (Dkt. 10) regarding the Court's recent Order (Dkt. 9). Having reviewed the record, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court DENIES Peterson's Motion for Reconsideration.

## II. BACKGROUND

On December 4, 2023, Peterson filed a complaint, alleging violations of his civil rights. Dkt. 2. After his In Forma Pauperis Application was denied, Peterson paid his civil filing fee on April 15, 2024. Following approximately five months of inactivity, the Court sent Peterson a notice of dismissal. Dkt. 5. Peterson subsequently petitioned for, and was granted, an extension of time to serve Defendants. The new deadline for service was 60 days from December 2, 2024.[1] Dkts. 6; 7. The Court warned Peterson that failure to comply with Federal Rule of Civil Procedure 4 ("FRCP") within 60 days of issuance of the Order could result in the dismissal of his Complaint. Dkt. 7. The Court, after more than four months of inactivity in the case, dismissed the Complaint without prejudice on April 10, 2025. Dkt. 9. Peterson now asks the Court, two months later, to reconsider the dismissal, arguing that he has complied with the provisions of FRCP 4. Dkt. 10.

## III. LEGAL STANDARD

### A. Motion for Reconsideration

It is true that "neither the Federal Rules of Civil Procedure nor the Local Rules provide for a motion to reconsider." *Magnus Pac. Corp. v. Advanced Explosives Demolition, Inc.*, 2014 WL 3533622, at *1 (D. Idaho July 15, 2014). Nevertheless, the Ninth Circuit has instructed that courts should treat motions to reconsider "as motions to alter or amend under Federal Rule of Civil Procedure 59(e)." *Id.* (citing *Sierra On–Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1419 (9th Cir. 1984)). "While Rule 59(e)

---

[1] Judge B. Lynn Winmill originally presided over this case. However, in an effort to reduce caseload, this matter was reassigned to the undersigned on January 30, 2025. Dkt. 8.

permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)); *see also Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (explaining that a party must overcome a "high hurdle" to obtain relief under Rule 59(e) since only "highly unusual circumstances" will justify its application).

In general, there are four grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors of law or fact upon which the judgment rests; (2) to present newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) if amendment is justified by an intervening change in controlling law. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (citation omitted) "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, Inc., 229 F.3d at 883).

### B. Service

Pursuant to FRCP 4(m), it is a plaintiff's duty to serve each defendant in the case

MEMORANDUM DECISION AND ORDER - 3

within 90 days after filing the complaint, or to request a waiver of service under Rule 4(d). Fed. R. Civ. P. 4(m).

To serve a defendant, or defendants, a plaintiff must first present a summons to the clerk for signature and seal. Fed. R. Civ. P. 4(b). Once the clerk has issued the summons, it is the duty of the plaintiff to ensure it is served – along with a copy of the complaint – by a person who is eighteen or older, and not a party to the complaint. Fed. R. Civ. P. 4(c)(2).

A defendant within a judicial district of the United States may be served by following the relevant state law[2] or by

> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2).

When suing officers or employees of the United States, a party must serve the officer or employee as well as the United States pursuant to Rule 4(i)(1). Fed. R. Civ. P. 4(i)(2)–(3).

Once the defendants have been served, proof of service must be made to the Court through an affidavit by the server. Fed. R. Civ. P. (4)(l)(1). Additionally, within thirty days of filing a complaint, the plaintiff must file a status report with the court regarding whether service has been effectuated and, if so, what date(s) it occurred. Dist. Idaho Loc. Civ. R. 4.1.

---

[2] Here the relevant state law for serving summons is Idaho Rule of Civil Procedure 4(c)–(d).

MEMORANDUM DECISION AND ORDER - 4

If the plaintiff fails to serve defendant(s) "within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice . . . or order that service be made within a specified time." Fed. R. Civ. P. (4)(m).

## IV. DISCUSSION

As stated above, the Federal Rules of Civil Procedure and the Local Rules do not provide for a motion to reconsider. The Court will analyze Peterson's motion as a motion to alter or amend under Rule 59(e) as directed by the 9th Circuit.

Based on the record and facts presented, there is no basis for the instant motion under Rule 59(e). Peterson's reasoning for why the Motion should be granted falls most closely under the first and third grounds upon which a Rule 59(e) motion can be granted; he argues it is necessary to correct manifest errors of law or fact upon which the judgement rests or to prevent manifest injustice. Peterson argues he has already completed service of process by delivering some documents via USPS and others by hand to the Office of the United States Attorney in Coeur D'Alene, Idaho. Dkt. 10, at 2. Peterson states he expected the Court to file his provided "Proofs of Service," implying that in not doing so, the Court errored in ordering the dismissal of his case. *Id.* The Court disagrees for five independent reasons.

First, upon review of the record, Peterson has not requested summons with signature and seal from the Clerk's office pursuant to Rule 4(b). While Peterson has submitted pictures certifying delivery of documents (Dkt. 10, at 3–8), the Court is unsure what was delivered, as signed and sealed summons were never issued. Without signature and seal,

MEMORANDUM DECISION AND ORDER - 5

the documents Peterson has sent cannot fulfill the requirements of valid service of process.

Second, service within a judicial district of the United States must comply with either the state law for serving summons or with FRCP 4(e)(2). Fed. R. Civ. P. Rule 4(e). Here, Idaho Rule of Civil Procedure Rule 4(d) and FRCP 4(e)(2) are synonymous. Plaintiffs, through their process server, can (1) deliver a copy of the summons and complaint to the individual personally, (2) leave a copy of each at the individual's home with someone of suitable age and discretion who lives there, or (3) deliver a copy of each to an agent authorized by appointment or by law. While Peterson delivered something, albeit not a valid summons, to the United States Attorney General in Coeur D'Alene, Idaho, in accordance with the rules, he attempted to serve the remaining Defendants by certified mail. Dkt. 10, at 3–8. Under Rule 4, service through the mail is not a valid form of service. Fed. R. Civ. P. Rule 4(e). *See* 16 *Moore's Federal Practice* § 108.122 (3d ed. 2025) ("Federal Rule of Civil Procedure 4(d) replaces the mail service provision of former Rule 4(c)(2)(C)(ii).").

Third, Local Civil Rule 4.1 requires the plaintiff to file a status report within thirty days of filing a complaint stating whether the service has been effectuated and, if so, on what date. Dist. Idaho Loc. Civ. R. 4.1. The record shows no evidence of Peterson filing such a report.

Fourth, FRCP Rule 4(l) requires plaintiff to submit a server's affidavit to the court to show proof of service. Peterson attached documents entitled "Proof of Service" in his Petition for Extension (Dkt. 6, at 3–4) and again in his Motion for Reconsideration (Dkt. 10, at 5–6). However, as the Court noted in the order granting an extension, the documents

Peterson had attached did not, and do not, constitute proper proof of service. Dkt. 7, at 2 n.1.

Lastly, granting Peterson's motion is not necessary to prevent manifest injustice under Rule 59(e). The Court gave Peterson ample time to properly effectuate service, which included an extension and a warning.[3] Dkt. 7. Despite this, over eleven months passed between when Peterson paid his filing fees and when the Court ultimately ordered the case dismissed without prejudice. Peterson still has not completed valid service of process. In not doing so, Peterson has not only violated Rule 4(m) but also failed to comply with a court order. Dkt. 7. Therefore, there is no manifest injustice in denying Peterson's instant Motion.[4]

## V. CONCLUSION

Amending a judgment after its entry remains "an extraordinary remedy which should be used sparingly." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999). For the foregoing five reasons, the Court determines there is neither a manifest error nor

---

[3] The Court previously determined in its Order granting an extension that Peterson did not meet the threshold of good cause required for an extension but nonetheless exercised its discretion to extend the time to serve the defendants.

[4] Peterson argues he "is being held to an impossible standard by the government failing to abide it's lawful requirement to provide, without cost, an entire and useable Law Library" and that it is not his "responsibility to seek out and procure a third party provided legal resource" such that he can be expected to follow the same rules of procedure that govern non-pro se litigants. Dkt. 10, at 3. Peterson does not provide any support for his argument, or where such a "legal requirement" would come from. However, the Court can presume he is referencing the constitutional right of access to the courts. Even then, constitutional access to a law library generally only applies in criminal, habeas corpus, and conditions of confinement cases, not civil matters. *See Canell v. Multnomah County,* 141 F.Supp.2d 1046, 1056 (D. Or. Feb. 26, 2001); *see also Bounds v. Smith*, 430 U.S. 817, 828 (1977) (overruled in part by *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). Without more support for his argument, there is no reason Peterson should be held to a different procedural standard than as set forth in FRCP 4 just because he chose to represent himself pro se. The Court recommends that Peterson seek counsel through Idaho Legal Aid or a similar organization. Alternatively, the information Peterson seeks is readily available on the internet without cost.

manifest injustice in the Court's original Order to justify granting the instant Motion. Having no basis for granting a Rule 59(e) motion, the Court cannot reopen the case. Thus, Peterson's Motion for Reconsideration is DENIED.

V. ORDER

The Court **HEREBY ORDERS**:

1. Peterson's Motion for Reconsideration (Dkt. 10) is **DENIED**.

DATED: June 16, 2025

_____
David C. Nye
Chief U.S. District Court Judge